In the Matter of the Claim of WARREN A. GREGORY, Respondent, against MERIT MANUFACTURING CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of death benefits made by the Workmen's Compensation Board in favor of claimants for the death of an employee. The uncontradicted evidence is that while decedent was operating a pressing machine in the course of his employment he collapsed and fell to the floor unconscious; that during the succeeding hour artificial respiration was applied and until a doctor arrived and found that death had ensued. The body later on that day was removed to the King's County Hospital mortuary where an autopsy was performed the next day. The evidence is that death was caused by a coronary sclerotic condition of a type peculiar to young persons. Decedent was thirty

years of age. At the autopsy it was first discovered that a third degree burn was present on the right side of the upper lip and cheek of the body. The time and cause of the infliction of the burn is wholly unexplained in the evidence, and whether it occurred before or after death is not shown. There is affirmative, substantial and uncontradicted evidence showing that it did not and could not have been an injury which decedent sustained in the course of his employment. The board's finding to the contrary, the only support for the award, is without any evidence to sustain it. Decision and award reversed on the law, with costs against the Workmen's Compensation Board, and claim dismissed. Brewster, Deyo, Bergan and Coon, JJ., concur; Foster, P. J., dissents, in the following memorandum: I think there was sufficient evidence in this claim to sustain the award. The employer's first report of injury admitted an accident. Concededly decedent was engaged in his employment at the time he was stricken. There is no adequate explanation of the third degree burn on his face except that of an electrical shock. Any uncertainties should be resolved in favor of the award. Hence, I dissent and vote to affirm.